[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} Appellees, Richard Willard, et al., have filed a motion to dismiss this appeal for the reason that appellant, The Carter-Jones Lumber Co. d.b.a. Carter Lumber, did not file it on time. The record shows that Carter-Jones Lumber Co. filed a notice of appeal on March 10, 2006, in which it states it is appealing from an order of the trial court which was entered on the court's journal on February 7, 2006. There is a notation, dated February 22, 2006, on the trial court's docket that states:
{¶ 2} "As to RICHARD WILLARD DBA CAPRICORN CONSTRUCTION, RICHARD WILLARD, final appealable order. FINAL AND APPEALABLE NOTICE form printed on 02/22/2006 10:07 by user RINGLE, CHERI on station 1715. Clerk entry."
{¶ 3} App.R. 4(A) states:
{¶ 4} "(A) Time for appeal. A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
{¶ 5} Civ.R. 58(B) states:
{¶ 6} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. * * *."
{¶ 7} Thus, the time to file an appeal does not begin to run if the trial court clerk does not "serve upon all parties [in a manner prescribed by Civ.R. 5(B)] * * * notice of the judgment and its date of entry upon the journal" and "note the service in the appearance docket." In this case, there is no notation of service on the parties in the trial court's appearance docket, and while we can assume that the February 22, 2006 entry on the appearance docket by the clerk is meant to indicate that the clerk served notice of the judgment on the parties, the entry does not comply with Civ.R. 58(B). See Atkinson v. Grumman OhioCorp. (1988), 37 Ohio St.3d 80, where the court states:
{¶ 8} "1. The right to file an appeal, as it is defined in the Appellate Rules, is a property interest and a litigant may not be deprived of that interest without due process of law.
{¶ 9} "2a. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.
{¶ 10} "b. The clerk shall make a notation in the case docket indicating that the required service has been made.
{¶ 11} "c. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal."
{¶ 12} It follows that in this case the time to appeal has not begun to run because there is no adequate notation in the appearance docket that service was made. An adequate notation of service in the appearance docket should indicate (1) that the clerk served the parties with notice of the final judgment and the date that judgment was journalized, (2) the date of service, (3) the names and addresses of the parties served, and (4) the method of Civ.R. 5 service used. Thus, the March 10, 2006 notice of appeal is not late. Further, even if the February 22, 2006 entry had complied with Civ.R. 58(B), the notice of appeal would not be late since service would have been more than three days after the judgment was entered on the court's journal and the time to file the appeal would begin to run on February 22, 2006.
{¶ 13} The court denies the motion to dismiss.
MOTION DENIED.
Handwork, J. Pietrykowski, J. Parish, J. concur.