DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant, K. Ronald Bailey Associates Co., L.P.A. ("Bailey") has filed a motion for reconsideration of our decision dismissing his appeal because it was filed late. Appellee, LaSalle Bank, N.A., has filed a response urging the court to deny the motion for reconsideration. For the reasons that follow, we find the motion not well-taken. *Page 2 
 {¶ 2} In ruling on a motion to reconsider, this court followsMatthews v. Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 {¶ 3} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
 {¶ 4} When this court originally dismissed this appeal, we found that:
 {¶ 5} "The order from which appellant is appealing became final and appealable when it was entered on the court's journal on November 19, 2007. The clerk served notice of this judgment and its date of the journalization on appellant pursuant to Civ.R. 58(B) on November 19, 2007. We find that the [December 26, 2007] notice of appeal was filed late."
 {¶ 6} Civ.R. 58(B) states:
 {¶ 7} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of *Page 3 
the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."
 {¶ 8} In his motion to reconsider, Bailey cites Civ.R. 58(B) and states that since the clerk of court failed to note on the appearance docket the Civ.R. 5(B) method of service used to notify him of the judgment, the service was not adequate under Civ.R. 58(B) and his time to appeal did not begin to run. In support of this contention, Bailey cites Carter-Jones Lumber Co. v. Willard, 6th Dist. No. L-06-1096,2006-Ohio-1980, ¶ 12.
 {¶ 9} In the Carter-Jones case, this court addressed the Civ.R. 58(B) adequacy of a notation on the trial court's docket that states:
 {¶ 10} "As to RICHARD WILLARD DBA CAPRICORN CONSTRUCTION, RICHARD WILLARD, final appealable order. FINAL AND APPEALABLE NOTICE form printed on 02/22/2006 10:07 by user RINGLE, CHERI on station 1751. Clerk entry."
 {¶ 11} We found that this notation was not adequate under Civ.R. 58(B) and stated:
 {¶ 12} "An adequate notation of service in the appearance docket should indicate (1) that the clerk served the parties with notice of the final judgment and the date that judgment was journalized, (2) the date of service, (3) the names and addresses of the parties served, and (4) the method of Civ.R. 5 service used." *Page 4 
 {¶ 13} In its memorandum in opposition to the motion for reconsideration, appellee states that the Carter-Jones case uses the word "should" instead of "shall" when it lists the elements of an adequate Civ.R. 58(B) notation of service. We agree. Because Civ.R. 58(B) does not require that the clerk state the method of service, we find that its absence does not invalidate the notation on the appearance docket that service was made in the instant case. We find that theCarter-Jones elements are not mandatory, but only desirable.
 {¶ 14} Accordingly, we find the motion for reconsideration not well-taken and it is denied.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR. *Page 1