[Cite as *Southerland v. Montgomery Cty. Dept. of Job & Family Servs.*, 2011-Ohio-3738.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

KIMBERLY SOUTHERLAND             :

    Plaintiff-Appellant          :     C.A. CASE NO. 24304

vs.                              :     T.C. CASE NO. 10CV2578

MONTGOMERY COUNTY DEPT. OF       :     (Civil Appeal From
JOB AND FAMILY SERVICES                Common Pleas Court

    Defendant-Appellee           :

. . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2011.

. . . . . . . . .

Byron K. Shaw, Atty. Reg. No.0073124, 4800 Belmont Place, Huber
Heights, Ohio 45424
    Attorney for Plaintiff-Appellant

Mathias H. Heck, Jr., Pros. Attorney; John A. Cumming, Atty. Reg.
No.0018710, Asst. Pros. Attorney, P.O. Box 972, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from an order of the court of common
pleas dismissing a Chapter 2506 appeal to that court pursuant to
Civ.R. 12(B)(1) for a lack of subject matter jurisdiction.

{¶ 2} Plaintiff-Appellant, Kimberly Southerland, is a

licensed foster care provider. Following a complaint of neglect, Defendant-Appellee, Montgomery County Department Of Job And Family Services ("MCDJFS"), removed a child from Southerland's care. Southerland pursued an internal administrative appeal of the decision by MCDJFS. By letter dated February 6, 2009, MCDJFS notified Southerland that its prior decision to remove the child "will remain as the dispositions" of that appeal.

{¶ 3} More than a year later, on March 25, 2010, Southerland filed a combined notice of appeal and complaint in the court of common pleas pursuant to R.C. 2506.01(A) from the February 6, 2009 decision of MCDJFS. Subsequently, MCDJFS filed a combined Civ.R. 12(B)(1) and (6) motion to dismiss the action Southerland commenced because Southerland failed to file her R.C. 2506.01 appeal within thirty days from the February 6, 2009 notice. The trial court so found, and dismissed the action for a lack of subject matter jurisdiction. Southerland appeals.

ASSIGNMENT OF ERROR

{¶ 4} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CASE AS UNTIMELY AND IN ACCORDANCE WITH CIVIL RULE 12(B)(6) WHEN COUNTY AGENCIES NEVER ISSUED A FINAL APPEALABLE ORDER NOR PROVIDED NOTICE TO APPELLANT OF ANY APPELLATE RIGHTS."

{¶ 5} The trial court considered both the Civ.R. 12(B)(1) and 12(B)(6) grounds on which MCDJFS relied in its motion to dismiss.

The trial court relied on Civ.R. 12(B)(1), which authorizes a dismissal "for lack of jurisdiction over the subject matter" of an action.

{¶ 6} R.C. 2506.01 provides that final orders of administrative agencies may be reviewed by the court of common pleas "as provided in Chapter 2505 of the Revised Code." The appeal must be filed within thirty days of the decision being appealed. R.C. 2505.07. The filing of a notice of appeal pursuant to R.C. Chapter 2505 is essential to vest a common pleas court with jurisdiction to hear an administrative appeal, and jurisdiction does not vest in the common pleas court until its jurisdiction is perfected. *Welsh Development Company v. Warren County Regional Planning Commission*, 186 Ohio App.3d. 56, 2010-Ohio-592, at ¶15. Failure to file the notice of appeal in the court of common pleas within the thirty-day period prescribed by R.C. 2505.07 deprives that court of jurisdiction in the appeal. *Helms v. Akron Health Dept.*, Summit App. No. 21735, 2004-Ohio-3408, at ¶12.

{¶ 7} The trial court found that Southerland had not timely filed her appeal and dismissed the action for lack of subject matter jurisdiction. Southerland does not argue that the court improperly applied the applicable law. Instead, she argues that the court should not have found her appeal was untimely filed because (1) the February 6, 2009 notice she received from MCDJFS

does not contain a "final appealable order" designation, and (2) because Southerland had been advised by Maria Geiger, who had signed the February 9, 2009 letter, that "there was no further appeal process through her office." (Brief, p. 7).

{¶ 8} The "final appealable order" designation is a product of Civ.R. 58(B), which requires the court to direct the clerk of a court of record to serve notice of the judgment and its date of entry upon the journal within three days thereafter. When there is a failure of the notice Civ.R. 58(B) requires, the time for filing an appeal prescribed by App.R. 4(A) does not begin to run. *Carter-Jones Lumber Co. v. Willard*, Lucas App. No. L-06-1096, 2006-Ohio-1980. However, the Rules of Civil Procedure have no application to the proceedings of administrative agencies, absent some specific statutory provision. Southerland cites no such provision that would apply to the notice she received from MCDJFS, and we are aware of none. Therefore, we find that MCDJFS was not required to designate the February 6, 2009 notice to Southerland a "final appealable order."

{¶ 9} With respect to Maria Geiger, who signed the February 6, 2009 notice, Southerland contends that Geiger advised her that the notice was not subject to an appeal, and that Southerland could instead contact the Ohio Department of Job and Family Services concerning the matter. That advice dissuaded her from filing a

timely R.C. 2506.01 appeal, according to Southerland. However, there is nothing in the nature of evidentiary support for that contention in the record of this proceeding. Further, compliance with the time requirements of R.C. 2506.07 for filing an appeal is jurisdictional, and cannot be modified by the parties or because of their conduct.

{¶ 10} The assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.

FAIN, J. And DONOVAN, J., concur.

Copies mailed to:

Byron K. Shaw, Esq.
John A. Cumming, Esq.
Hon. Dennis J. Adkins