DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Joel A. Helms, appeals from the judgment of the Summit County Court of Common Pleas, which declined to consider Mr. Helms' motion for relief from the prior judgment of the common pleas court that affirmed the decision of the City of Akron Housing Appeals Board (the "Board") to order the demolition of Mr. Helms' property. We vacate the judgment of the common pleas court.
 I. {¶ 2} Mr. Helms is the owner of property located in Akron, Ohio, in Summit County. Pursuant to Mr. Helms' noncompliance with several housing repair orders issued against this property by the Akron Health Department due to its condition, the Board issued a ruling dated October 15, 2002, ordering the structure on this property to be razed. The Board concluded that "the City of Akron, Department of Public Health, Housing Division, has proved by the preponderance of substantial, reliable and probative evidence on the record that the property * * * should be demolished."
 {¶ 3} On November 15, 2002, Mr. Helms filed a notice of administrative appeal with the common pleas court, pro se. On March 6, 2003, the trial court affirmed the decision of the Board, and concluded that "there is sufficient credible evidence in the record to affirm the decision. The Order is neither illegal, arbitrary or unreasonable[.]" The court also noted that Mr. Helms had neither filed a brief with the court, nor attended the administrative hearing before the Board.
 {¶ 4} On March 17, 2003, Mr. Helms filed an application for reconsideration of the March 6, 2003 judgment entry, requesting the opportunity to reply to the Notice of Filing Record ("Notice") filed on December 17, 2002, which he claims he was not served with until March 8, 2003. Mr. Helms claimed that because he was not aware that the record had been filed, that he was not able to submit a brief to the court. The court denied this motion.
 {¶ 5} On May 6, 2003, Mr. Helms filed a motion for relief from the judgment dated March 6, 2003. Attached to this motion was a copy of the Notice, and self-serving affidavit stating that Mr. Helms did not receive the Notice and was not aware of the record's filing until March 6, 2003.
 {¶ 6} On August 20, 2003, the court issued a judgment order stating that it would not rule on Mr. Helms' motion for relief from judgment, stating that "it being related to the Court that the subject property has been demolished by the City of Akron, the Court finds the issues now before the Court moot and will not rule on the motion [for relief from judgment] as filed by [Mr. Helms]." This appeal followed.
 {¶ 7} Mr. Helms timely appealed to this Court, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court erred in deeming this action's issues to be `moot' and declining to address plaintiff's motion for relief from judgment."
 {¶ 8} In his sole assignment of error, Mr. Helms claims that the trial court erred when it deemed moot the issues involved in his appeal at the common pleas court level, and when it declined to address his motion for relief from judgment. Because we conclude that the common pleas court lacked jurisdiction to consider Mr. Helms' administrative appeal for the reason discussed below, we decline to address Mr. Helms' sole assignment of error.
 {¶ 9} A court's subject matter jurisdiction connotes the power to hear and decide a case upon the merits. Morrison v. Steiner (1972),32 Ohio St.2d 86, paragraph one of the syllabus. "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." State v. Swiger (1998), 125 Ohio App.3d 456,462. A court may raise the issue of whether a court has jurisdiction over the subject matter sua sponte. In re Graham, 147 Ohio App.3d 452,2002-Ohio-2407, at ¶ 29; see Civ.R. 12(H)(3).
 {¶ 10} The right to appeal a decision of an administrative agency's decision is conferred only by statute. Midwest Fireworks Mfg. Co. v.Deerfield Twp. Bd. of Zoning Appeals, 91 Ohio St.3d 174, 177,2001-Ohio-24. Accordingly, the appeal can be perfected only in the method prescribed by the statute. See Zier v. Bur. of Unemp. Comp. (1949),151 Ohio St. 123, paragraph one of the syllabus.
 {¶ 11} In the instant case, Mr. Helms appealed the Board's decision to the court of common pleas pursuant to R.C. 2506.01. R.C. 2506.01
authorizes appeals from an administrative agency to the common pleas court, in accordance with the procedures set forth in R.C. Chapter 2505. R.C. 2505.04 provides the procedure for perfecting such an appeal. That statute section provides, in pertinent part, that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. The filing of a notice of appeal with the administrative board per R.C. 2505.04 is necessary for vesting the common pleas court with jurisdiction over the administrative appeal. If an administrative appeal is not perfected in this manner, the common pleas court does not have jurisdiction, and the appeal must be dismissed.Skrzypek v. WOIO TV 19, 9th Dist. No. 3228-M, 2002-Ohio-3033, at ¶ 12, citing McMaster v. Akron Hous. Appeals Bd. (Aug. 12, 1992), 9th Dist. No. 15462.
 {¶ 12} R.C. 2505.07 prescribes the time within which such an appeal must be perfected. "[A]n appeal from a final order of an administrative commission must be perfected within thirty days from the entry of that decision." Brott v. Green, 9th Dist. No. 21209, 2003-Ohio-1592, at ¶ 16; R.C. 2505.07. Pursuant to the requirement in R.C. Chapter 2505 that a notice of appeal be filed with the administrative agency within 30 days from a final order, Mr. Helms was required to file his notice of appeal with the Board 30 days from the Board's decision on October 15, 2002. This means that Mr. Helms was required to file his notice of appeal with the Board no later than November 14, 2002. The certificate of service accompanying Mr. Helms' notice of appeal filed with the common pleas court states that a copy of the notice of appeal was hand-delivered to the Akron Health Department on November 15, 2002. Since Mr. Helms did not file his notice of appeal with the Board until November 15, 2002, his administrative appeal to the common pleas court was untimely.
 {¶ 13} Because Mr. Helms filed an untimely notice of appeal with the common pleas court, the court lacked the jurisdiction to consider his appeal. See R.C. 2505.07. Consequently, any judgments, orders, or decisions issued by the common pleas court in Mr. Helms' administrative appeal are void for lack of jurisdiction. See Skrzypek at ¶ 12. Therefore, we decline to address Mr. Helms' sole assignment of error.[1]
 III. {¶ 14} Mr. Helms' sole assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. concurs.
[1] We note, that, although the property was razed prior to Mr. Helms' untimely appeal, the issue of assessment for the cost of razing remained at that time. However, due to Mr. Helms' failure to file a timely appeal in the common pleas court, we will not address the issue of costs on the merits.