[Cite as *Stetz v. Copley Fairlawn School Dist.*, 2013-Ohio-5411.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KRISTEN STETZ, et al.

    Appellees

    v.

COPLEY FAIRLAWN SCHOOL
DISTRICT, et al.

    Appellants

C.A. No.     26885

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012-03-2334

DECISION AND JOURNAL ENTRY

Dated: December 11, 2013

HENSAL, Judge.

{¶1} The Copley Fairlawn Board of Education appeals an order of the Summit County Court of Common Pleas that denied its motion for summary judgment. For the following reasons, this Court reverses and remands this case for further proceedings.

I.

{¶2} The background facts of this case are largely undisputed. E.D. attended Copley Fairlawn High School and worked in the school office during her study hall. While working at school on November 8, 2010, one of E.D.'s tasks was to change the message on the administration sign that is outside the school building. By the time she finished, it was already into her lunch period. She went to lunch, but was unable to finish eating by the time her next class started. She, therefore, returned to the office to get a pass. While walking to her next class, she encountered two of her friends, who were also heading to class. According to E.D., they walked together to the top of a staircase, where she paused for a moment to look for something

in her backpack. When she continued walking, she slipped and fell down the stairs, suffering injuries to her head and neck.

{¶3}    E.D.'s parent, Kristen Stetz, sued the Copley Fairlawn School District and the Board, alleging multiple theories of negligence. The school district and Board moved for summary judgment, arguing that the school district is not a legal entity and that the Board has immunity under Revised Code Chapter 2744. The trial court granted the motion with respect to the school district but denied it with respect to the Board, finding that there was a genuine issue of material fact as to whether there was a physical defect on or around the stairs that proximately caused E.D.'s fall. The Board has timely appealed the court's decision.

II.

{¶4}    Ms. Stetz notes that the Board failed to state an assignment of error in its appellate brief. Although that defect would permit this Court to strike the brief and dismiss the case, Ms. Stetz has not moved to strike the brief, and the Board's argument appears only to be that the trial court incorrectly denied its motion for summary judgment by failing to find that it is immune from liability. *See* App.R. 16(A)(3); 18(C). Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party

"must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). We review a summary judgment order de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} The Board argues that it is entitled to political subdivision immunity under Revised Code Chapter 2744. "Determining whether a political subdivision is immune from liability * * * involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, ¶ 14 (9th Dist.). Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser* at ¶ 16. "Finally, immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability." *Id.*; *see* R.C. 2744.03(A).

{¶6} In its motion for summary judgment, the Board argued that it is a political subdivision and that none of the exceptions to immunity apply. It also argued that, even if an exception does apply, its immunity is restored under Section 2744.03(A)(3) and (5). In its decision, the trial court noted that there is no dispute that the Board is a political subdivision under the first tier of the immunity analysis. It found, however, that there is a genuine issue of material fact regarding whether one of the exceptions under the second tier applies. Because of that finding, the court explained that it would "not engage in further analysis as to any defenses and further potential immunity for Defendants at this time[,]" and denied the Board's motion.

**{¶7}** Upon review of the record, we conclude that the trial court erred when it failed to conduct all three parts of the political-subdivision immunity analysis before ruling on the Board's motion for summary judgment. If the Board can establish that there is no genuine issue of material fact that Section 2744.03(A)(3) or (5) applies, the Board is entitled to judgment as a matter of law even if there is a genuine issue of material under the second tier of the analysis.

**{¶8}** Because the trial court failed to complete the entire political-subdivision immunity analysis, we reverse its decision and remand for further proceedings. Because the court's ruling on that issue may render the Board's appeal moot, we decline to address the Board's argument about the second tier of the analysis because it is premature. *See Kick v. Smithville W. Care Ctr.*, 9th Dist. Wayne No. 12CA0032, 2013-Ohio-2034, ¶ 7.

### III.

**{¶9}** The trial court did not complete the three-tier analysis required under Revised Code Chapter 2744 before ruling on the Board's motion for summary judgment. The order of the Summit County Common Pleas Court is reversed, and this matter is remanded for additional consideration of the Board's motion.

> Judgment reversed,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

 

 

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

SHAWN CORMIER-WARREN, Attorney at Law, for Appellants.

DAVID S. HIRT and KATHRYN I. PERRICO, Attorneys at Law, for Appellants.

PETER A. HESSLER and JAY R. CARSON, Attorneys at Law, for Appellees.