[Cite as *Stetz v. Copley Fairlawn School Dist.*, 2015-Ohio-4358.]

# IN THE COURT OF APPEALS

# NINTH APPELLATE DISTRICT

# SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| KRISTEN STETZ, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 27432** |
| COPLEY FAIRLAWN SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil appeal from the Summit County Court of Common Pleas, Case No. CV 2012 04 2334.

Judgment: Reversed and remanded.

*Peter Hessler,* 6055 Rockside Woods Blvd., #200, Seven Hills, OH 44131 (For Plaintiffs-Appellees).

*John Rasmussen,* 14650 Detroit Ave., Suite 450, Cleveland, OH 44107-9946; and *Kathryn Perrico,* 3 Summit Park Dr., #400, Independence, OH 44131 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J., Eleventh Appellate District, sitting by assignment.

{¶1} Appellant, Copley Fairlawn School District, appeals from the trial court's entry of summary judgment concluding genuine issues of material fact remain regarding whether it is entitled to immunity from the lawsuit filed by appellees, Kristen Stetz, et al. For the reasons discussed in this opinion, we reverse the judgment of the trial court and hold appellant is entitled to immunity as a matter of law.

{¶2}   Appellee E.D., daughter of appellee Stetz, was a freshman at Copley High School and worked in the school office during her study hall.  On November 8, 2010, she was instructed by the vice principal to change the administration sign located outside the school building.  E.D. testified the weather was wet and snowy that day; she donned her winter coat and changed the sign.  She subsequently returned indoors after her lunch period had begun.  She ate lunch, but was unable to finish before the commencement of her next class.  She consequently returned to the office to obtain a pass.

{¶3}   On her way to class, she encountered two friends.  The three girls walked together and approached a stairway. E.D. stopped at the top of a stairway to look in her bag.  When she stepped forward to descend the stairs, her foot slipped; she fell backwards; and she struck her head on the concrete.  E.D. had been in the school for approximately 45 minutes prior to her fall. She testified she had no recollection of the stairs being wet and had no difficulty seeing where she was walking when she fell. She suffered certain head injuries as a result of the fall.

{¶4}   Appellee Stetz, individually and on behalf of E.D., filed a complaint against appellant; the complaint alleged the defendants failed to exercise ordinary care to keep the stairway at issue in a reasonably safe condition and/or breached its duty in failing to warn E.D. of the stairway's dangerous condition. Appellee Stetz additionally alleged a claim for loss of consortium.   Appellant filed its answer, generally denying the allegations and asserting various affirmative defenses.

{¶5}   Appellant filed a motion for summary judgment arguing, inter alia, it was entitled to immunity pursuant to R.C. Chapter 2744.  Appellee duly opposed the motion. The trial court subsequently denied the motion and appellant filed a timely notice of appeal.  On Appeal, this court reversed the trial court's judgment and remanded the

2

matter for the trial court to engage in a full immunity analysis. *See Stetz v. Copley Fairlawn School Dist.*, 9th Dist. No. 26885, 2013-Ohio-5411. This court observed that even though the trial court found a genuine issue as to whether appellant was entitled to immunity, it failed to consider whether, even if a statutory exception to immunity applied, immunity could be restored as a matter of law under R.C. 2744.03(A)(3) and (5). *Stetz*, *supra*, ¶6.

{¶6} Upon remand, the trial court issued its judgment, again concluding issues of material fact remained as to whether an exception to immunity applied as well as to whether immunity could be restored pursuant to statute. Appellant appealed and assigns the following as error:

{¶7} "The trial court erred in denying Defendant/Appellant's Motion for Summary Judgment on the grounds that Defendant/Appellant was not entitled to immunity pursuant to R.C. 2744."

{¶8} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶9} Appellant argues that it is entitled to political subdivision immunity under R.C. Chapter 2744. "Determining whether a political subdivision is immune from liability * * * involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-

3

Ohio-1483, ¶8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, ¶14 (9th Dist). Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser*, *supra*, at ¶16. "Finally, immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability." *Id.*; *see* R.C. 2744.03(A).

{¶10} In its motion for summary judgment, the Board argued that it is a political subdivision and that none of the exceptions to immunity apply. It also argued that, even if an exception does apply, its immunity is restored under Section 2744.03(A)(3) and (5). The trial court, in its judgment, concluded that the exception set forth under R.C. 2744.02(B)(4) was applicable to the underlying matter. That section provides:

> Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

{¶11} To prevail in a case where the plaintiff has allegedly slipped on a foreign substance on the floor of the defendant's premises, the plaintiff must establish:

> {¶12} "(1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of

4

time reasonably to justify the inference that the failure to warn against it or to remove it was attributable to a want of ordinary care." *Tyson v. Dolgencorp, L.L.C.*, 9th Dist. Summit No. 5859, 2012-Ohio-458, ¶3, quoting *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943).

{¶13} Here, the trial court found, based upon E.D.'s testimony, that the weather on the day in question was wet and slushy and that students frequently used the door at the bottom of the stairs to enter and exit the building. The court further noted that Timothy Gillespie, the Head Custodian at the school, testified the mat in front of the door becomes saturated when it is wet outside, and it is not uncommon for students to track water onto the stairs. The court noted that, according to appellees' expert, the material of which the stairs were constructed becomes especially slippery when it is wet. The court further pointed out that appellee-Stetz, in her affidavit, averred that E.D. advised her, shortly after the accident, that she had fallen because the stairs were wet. Finally, the court found that Kimani Grant, the school's security officer, was the first school official to arrive to assist E.D. after the fall; the court noted that, although Grant testified there was no water or liquid on the stairs, he also stated he did not inspect the area immediately after the fall.

{¶14} Based upon the foregoing, the trial court found there was a genuine issue of material fact as to whether there was a physical defect, viz., water accumulation, on the stairs where E.D. fell. After reviewing the evidence submitted for the summary judgment exercise, we conclude there was insufficient evidence of a physical defect upon which the court could premise its R.C. 2744.02(B)(4) analysis.

{¶15} Although E.D. testified the weather was wet and snowy *and* there was testimony that the mat in front of the door at the bottom of the stairs would become saturated during the winter months, there was no competent evidence advanced that the stairs were wet on the day in question. To wit, E.D. repeatedly testified that she had

5

no recollection of the steps being wet when she slipped. Moreover, even though Gillespie testified people may track moisture in through the entranceways, particularly when the mat is saturated, he did not specifically attest to the commonality of students tracking water onto the stairway in question. And Grant testified both that there was no water or liquid in the hallway near the stairway at issue *and* that he would have noticed any water or liquid where E.D. fell because he walked over the area in question when he came to E.D.'s aid.

{¶16} Appellees alleged E.D.'s injuries were caused by a physical defect due to the negligence of appellant's employees. Appellees have failed to produce evidence that the stairway or hallway was wet; as a result, there can be no evidence that the purported wetness had remained in these areas for an unreasonable length of time. The lack of such evidence is fatal to their cause of action. We therefore need not reach the question of whether any of appellant's employees were negligent for failing to address water that had allegedly accumulated in those areas.

{¶17} We recognize that Appellee-Stetz's affidavit averred that E.D. had revealed to her that her slip was a result of wetness on the stairs; this, however, is both hearsay and represents a legal conclusion as to causation. Evidence submitted to either support or oppose summary judgment must comply with Civ.R. 56. Civ.R. 56(E) provides, in relevant part, that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein * * *." "Personal knowledge" is defined as "'knowledge of factual truth which does not depend on outside information or hearsay.'" *State ex rel. Rogers v. Elbert*, 180 Ohio App.3d 284, 2008-Ohio-6746, ¶51 (9th Dist.), quoting *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 335 (6th Dist.1995). "Statements contained in affidavits

6

must be based on personal knowledge and cannot be legal conclusions." *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756 (2d Dist.1991).

{¶18} The statement in appellee-Stetz's affidavit does not fulfill the personal-knowledge requirement of Civ.R. 56(E). To the contrary, the statement is hearsay and represents a legal conclusion. It therefore cannot be considered in the summary judgment analysis.

{¶19} The only competent evidence presented in opposition to summary judgment was that it was wet and snowy on the day in question and that the mat in front of an entrance near the stairs may have been wet. One cannot, from this, infer that the area of the stairs where E.D. slipped was wet. And, although there was evidence indicating E.D.'s boots may have been wet when appellee-Stetz met E.D. at the hospital, this, without more, is insufficient to permit the inference that the wetness on the soles of E.D.'s boots was due to some wetness on the stairway in question. Moreover, even if one could draw such an inference, there was no evidence that the alleged defect was so pervasive or existed for such a time to impute notice to appellant's employees. We accordingly conclude appellees failed to produce sufficient evidence to establish E.D.'s injuries were a result of a physical defect that appellant's employees should have addressed in the course of meeting their occupational obligations. Thus, appellees have failed to establish the exception to appellant's general immunity set forth under R.C. 2744.02(B)(4).

{¶20} Because we conclude appellees failed to adduce adequate evidence creating a genuine issue of material fact that would except appellant from immunity, we need not proceed to the third tier of the analysis; to wit, considering whether, if an exception existed, immunity nevertheless re-attaches by operation of R.C. 2744.03(A)(1)-(5).

7

**{¶21}** Appellant's assignment of error has merit.

**{¶22}** For the reasons discussed above, the judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R.27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs to be taxed against appellees.

_____
JUDGE CYNTHIA WESTCOTT RICE
Eleventh Appellate District,
Sitting by Assignment.

TIMOTHY P. CANNON, P.J.,
Eleventh Appellate District,
Sitting by Assignment,

THOMAS R. WRIGHT, J.,
Eleventh Appellate District,
Sitting by Assignment,

concur.

8