[Cite as *Pryamid Ents., L.L.C. v. Akron Dept. of Neighborhood Assistance*, 2018-Ohio-2178.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| PYRAMID ENTERPRISES L.L.C., et al. | C.A. No. 28623 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON DEPARTMENT OF NEIGHBORHOOD ASSISTANCE, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2017-01-0264 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: June 6, 2018

CALLAHAN, Judge.

**{¶1}** Appellants, Pyramid Enterprises, L.L.C. and Daniel Burch (collectively "Pyramid"), appeal from the judgment of the Summit County Court of Common Pleas in favor of Appellees, City of Akron Department of Neighborhood Assistance, Housing Appeals Board, and the City of Akron (collectively "the City"). For the reasons set forth below, this Court affirms.

I.

**{¶2}** The Akron Housing Appeals Board ("the Board") held a hearing after which the Akron Department of Neighborhood Assistance issued a demolition order of the premises at 643 Euclid Avenue, Akron, Ohio on December 20, 2016. Mr. Burch was present at the hearing and was served with the demolition order at the conclusion of the hearing. Pyramid filed an administrative appeal from that decision on January 18, 2017 in the common pleas court and contends that its counsel's paralegal served the Board with the notice of appeal on the same date.

The City, however, submits that the Board received the notice of appeal on January 20, 2017 from Mr. Burch.

{¶3} The City filed a motion to dismiss and supporting affidavits arguing that the trial court lacked subject matter jurisdiction over the administrative appeal because Pyramid failed to perfect the appeal because it was untimely filed. Pyramid filed a response brief and an affidavit from its counsel regarding the service of the notice of appeal upon the Board. The trial court granted the motion to dismiss. It is from this judgment that Pyramid appeals, raising one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE APPEAL SOLELY UPON PROCEDURAL GROUNDS.

{¶4} Pyramid argues that the trial court abused its discretion when it "chose [the City's] version" of the facts when it dismissed the administrative appeal as being filed untimely. This Court disagrees.

{¶5} Pyramid contends, without any citation to legal authority, that the standard of review in this matter is an abuse of discretion. On the contrary, this Court reviews a motion to dismiss for lack of subject matter jurisdiction de novo. *See Mellion v. Akron City School Dist. Bd. of Edn.*, 9th Dist. Summit No. 23227, 2007-Ohio-242, ¶ 6.

{¶6} Chapter 2506 of the Ohio Revised Code governs administrative appeals of a final order, adjudication, or decision of a board ordering the demolition of a property. *See Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 2, 11. "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio

St.3d 471, 2011-Ohio-1604, ¶ 14. "Jurisdiction does not vest in the court unless and until an appeal is perfected." *Chapman v. Hous. Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 Ohio App. LEXIS 3593, *6 (Aug. 13, 1997).

{¶7} R.C. 2505.04, in pertinent part, sets forth the procedure to perfect an administrative appeal:

> An appeal is perfected when a written notice of appeal is filed, * * *, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.

Further, R.C. 2505.07 provides that the time period within which to perfect the notice of appeal is 30 days after the administrative body's final written order. *See Chapman* at *7-8. "Filing does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07." *Welsh* at ¶ 39.

{¶8} If the procedure set forth by R.C. 2505.04 is not followed, then the common pleas court does not have jurisdiction to hear the appeal and must dismiss it. *Helms* at ¶ 11. Similarly, if the notice of appeal is filed with the administrative body after the 30-day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal. *See id.* at ¶ 12-13.

{¶9} In this case, the parties agree that the Board issued its decision on December 20, 2016 and that the 30-day filing deadline was January 19, 2017. The parties also agree that the Board was the proper administrative body to be served with the notice of appeal.

{¶10} The sole dispute between the parties concerns the date that Pyramid filed the notice of appeal with the Board. Pyramid contends it filed the notice of appeal with the Board on January 18, 2017 by hand-delivery from its counsel's paralegal, and thus the notice of appeal was timely filed. However, the City asserts the notice of appeal was filed with the Board on

January 20, 2017 by hand-delivery from Mr. Burch, and thus was filed one day late. The only evidence before the trial court as to this issue was the parties' competing affidavits in support of their respective positions.

{¶11} Pyramid argues on appeal that both competing affidavits are "facially credible" and "[t]here is absolutely no way to resolve the conflict over the perfection of service." Thus, Pyramid contends that the trial court should have "give[n] due credence to the affidavit of [Pyramid's] counsel and allow[ed] the [administrative] appeal to proceed" on its merits. Pyramid's position is flawed for two reasons.

{¶12} First, a review of the affidavit submitted by Pyramid's counsel reveals there is no "conflict over the perfection of service." Contrary to Pyramid's position on appeal, the affidavit submitted by Pyramid's counsel contained no averments refuting the City's affidavits that the Board was first served with notice of appeal on January 20, 2017 by Mr. Burch.

{¶13} "An affidavit is a written declaration under oath." R.C. 2319.02. Statements in an affidavit must be premised upon the affiant's personal knowledge. *Stetz v. Copley Fairlawn School Dist.*, 9th Dist. Summit No. 27432, 2015-Ohio-4358, ¶ 17. This Court has defined "[p]ersonal knowledge" as "knowledge of factual truth which does not depend on outside information or hearsay." (Internal quotation marks and citation omitted.) *Id.* "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C).

{¶14} The only averments in Pyramid's counsel's affidavit made on personal knowledge relating to the issue of the filing of the notice of appeal with the Board were that he was aware that the notice of appeal needed to be filed with the Board, that he instructed his paralegal to file the notice of appeal with the Board, and that his paralegal follows his directives. While these

averments were based on counsel's personal knowledge, they were not evidence that the paralegal filed the notice of appeal with the Board on January 18, 2017, as argued on appeal.

{¶15} Contrary to Pyramid's argument, the only statements in its counsel's affidavit addressing the filing of the notice of appeal with the Board were hearsay statements. Counsel's affidavit stated that he reviewed the issue of the filing of the notice of appeal with his paralegal and the paralegal "believe[d] he did take a copy to the * * * Board, however he d[id] not have a specific recollection." Additionally, counsel's affidavit stated that he and Mr. Burch "conversed by telephone and [Mr. Burch] stated that he had taken a copy to the * * * Board." These statements were merely a recitation of the statements made by the paralegal and Mr. Burch regarding the filing of the notice of appeal. Both of these statements were inadmissible hearsay. Thus, Pyramid failed to present evidence of its timely filing of the notice of appeal with the Board.

{¶16} The City, however, produced two affidavits from supervisors in the Housing Division of the Department of Neighborhood Assistance for the City that addressed the filing date of the notice of appeal with the Board. The first supervisor maintains the records of the Board regarding notices of appeal of the Board's decision. This supervisor averred that no notice of appeal was filed with the Board on or prior to the January 19, 2017 filing deadline.

{¶17} The second supervisor assists members of the public who come to the service desk. This supervisor averred that on January 20, 2017, Mr. Burch appeared at the service desk with the notice of appeal. In accordance with the Board's procedures, the second supervisor date-stamped the notice of appeal as being received on January 20, 2017. A copy of this date-stamped notice of appeal was attached to the second supervisor's affidavit. Based on the above,

the City presented unrefuted evidence of Pyramid's untimely filing of the notice of appeal with the Board.

{¶18} Second, contrary to Pyramid's urging, subject matter jurisdiction cannot be disregarded in order to decide a case on the merits. *See Sunrise Coop., Inc. v. Joppeck*, 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, ¶ 9 ("[A] court cannot ignore issues regarding subject matter jurisdiction."). Subject matter jurisdiction is a court's power to hear and decide a case on the merits. *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. "If a court acts without [subject matter] jurisdiction, then any proclamation by that court is void." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998); *see Lorain Natl. Bank v. Corna*, 9th Dist. Lorain No. 13CA010472, 2015-Ohio-432, ¶ 6. "When there is a lack of jurisdiction, a dismissal of the action is the only proper order." *Dilatush v. Bd. of Rev.*, 107 Ohio App. 551, 552-553 (2d Dist.1959). *See Nord Community Mental Health Ctr. v. Cty. of Lorain*, 93 Ohio App.3d 363, 365 (9th Dist.1994) (when a trial court determines there is a lack of subject matter jurisdiction, it is required to dismiss the case).

{¶19} Accordingly, the trial court did not err in dismissing the administrative appeal for lack of subject matter jurisdiction. The assignment of error is overruled.

III.

{¶20} Pyramid Enterprises, L.L.C. and Mr. Burch's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellants.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellees.