[Cite as *Gillam v. Vaughn's Auto Repair & Towing*, 2019-Ohio-1392.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JAMES GILLIAM

    Appellee

    v.

VAUGHN'S AUTO REPAIR & TOWING

    Defendant

  and

LORAIN COUNTY SHERIFF

    Appellant

C.A. No.    18CA011340

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CVF00486

DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

---

HENSAL, Judge.

{¶1}    The Lorain County Sheriff appeals a judgment of the Oberlin Municipal Court that denied its motion for summary judgment on the issue of immunity. For the following reasons, this Court reverses and remands this case for further proceedings.

I.

{¶2}    According to James Gilliam, following a traffic stop in Lorain County, his vehicle was towed and stored by Vaughn's Auto Repair & Towing. Over the next few months, he attempted to recover his vehicle, but every time he tried to pay the requested fee, Vaughn's would increase the amount it said he owed. Finally, one day it told him that his vehicle had been sold. Mr. Gilliam filed a complaint against Vaughn's, alleging several causes of action. After

discovering that the Sheriff had approved the sale, Mr. Gilliam amended his complaint to add claims against the Sheriff. Specifically, Mr. Gilliam alleged that the Sheriff had failed to provide him the notice required by statute that his vehicle was going to be sold.

{¶3} After answering the amended complaint, the Sheriff moved for summary judgment, alleging that it was immune from liability. The municipal court denied its motion because it determined that some of the documents the Sheriff had submitted were not properly incorporated into an affidavit. It gave the Sheriff 14 days to supplement the record. After the Sheriff submitted a supplemental brief, the municipal court again denied its motion for summary judgment, concluding that it was not immune because it had not followed the statutory procedure for disposal of the vehicle. The Sheriff has appealed, assigning as error that the municipal court incorrectly denied its motion for summary judgment.

## II.

### ASSIGNMENT OF ERROR

> THE COURT ERRED IN FAILING TO DISMISS THE COMPLAINT AS TO THE LORAIN COUNTY SHERIFF BECAUSE THE SHERIFF IS IMMUNE FROM SUIT.

{¶4} The Sheriff argues that the municipal court should have granted its motion for summary judgment because it has immunity from Mr. Gilliam's claims. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no

genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶5} This Court has previously determined that a sheriff's department constitutes a political subdivision under Revised Code Section 2744.01(F). *Lamtman v. Ward*, 9th Dist. Summit No. 26156, 2012-Ohio-4801, ¶ 28. "Determining whether a political subdivision is immune from liability under [Chapter 2744] * * * involves a three-tiered analysis." *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, ¶ 8. "The starting point is the general rule that political subdivisions are immune from tort liability[.]" *Shalkhauser v. Medina*, 148 Ohio App.3d 41, 2002-Ohio-222, ¶ 14 (9th Dist.). Under Section 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser* at ¶ 16. "Finally, immunity lost to one of the R.C. 2744.02(B) exceptions may be reinstated if the political subdivision can establish one of the statutory defenses to liability" contained in Section 2744.03(A). *Id.*

{¶6} The Sheriff argues that the municipal court failed to determine whether it was performing a governmental or proprietary function when it impounded and later disposed of Mr. Gilliam's vehicle. It argues that the court also did not analyze whether its actions fell into one of the exceptions in Section 2744.02(B). We note that, in its motion for summary judgment, the

Sheriff argued that it is a political subdivision under Section 2744.02, that it is generally immune under that section, and that none of the exceptions to immunity apply.

{¶7} Upon review of the record, it does not appear that the municipal court conducted the three-tiered analysis for political subdivision immunity.[1] Although the court cited cases involving somewhat similar circumstances, those decisions were not binding on the municipal court, and the court did not indicate whether it was following them. It did not analyze whether the exceptions to immunity under Section 2744.02(B) or the statutory defenses to liability under Section 2744.03(A) applied. In *Stetz v. Copley Fairlawn Sch. Dist.*, 9th Dist. Summit No. 26885, 2013-Ohio-5411, we reversed the decision of the trial court and remanded the case for additional consideration because the court "failed to conduct all three parts of the political-subdivision immunity analysis before ruling on the * * * motion for summary judgment." *Id*. at ¶ 7, 9. We conclude that the same disposition is required in this case because, even if the municipal court worked through the three-tiered analysis, it is not apparent in the municipal court's judgment entry.

III.

{¶8} Though the municipal court may have worked through the three-tier immunity analysis under Sections 2744.02 and 2744.03, we can not determine from the judgment entry its conclusions in that regard. The judgment of the Oberlin Municipal Court is reversed, and this matter is remanded for further consideration of the Sheriff's motion for summary judgment.

Judgment reversed,
and cause remanded.

---

[1] We note that Mr. Gilliam also argued that he is allowed to pursue his claims under Section 2744.09, but the municipal court did not address that issue.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and DANIEL F. PETTICORD, Assistant Prosecuting Attorney, for Appellant.

RICHARD S. RAMSEY, Attorney at Law, for Appellee.

ANTHONY BAKER, Attorney at Law, for Appellee.