[Cite as *McKiel v. Lorain*, 2019-Ohio-2266.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JOHN P. MCKIEL, et al. | | C.A. No.    18CA011381 |
| Appellees | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF LORAIN, OHIO | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    16CV190113 |

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

SCHAFER, Judge.

{¶1}    Defendant-Appellant, City of Lorain, Ohio ("Lorain") appeals the judgment of the Lorain County Court of Common Pleas denying its motion for summary judgment on the basis of statutory immunity.  For the reasons that follow, this Court reverses.

I.

{¶2}    Plaintiffs-Appellees, John P. McKiel and Elinor R. McKiel (collectively, the "McKiels") are the owners of certain parcels of real property located in the city of Lorain.  The McKiels claim to have experienced an increase in flooding to their property, which they attribute to Lorain's approval of plans for the construction of retention ponds and storm water drainage for a commercial development project.

{¶3}    On July 29, 2016, the McKiels filed a complaint against Lorain.  In the complaint, the McKiels allege that the flooding has damaged their property and constitutes a taking of the property.  The McKiels seek a writ of mandamus compelling Lorain to institute eminent domain

proceedings for the involuntary taking of the McKiels' private property as a result of the flooding and consequent damages. The complaint also seeks relief in the form of a declaratory judgment, compensatory damages for the alleged taking in the amount of $500,000.00, and further relief such as litigation costs and an award of attorney fees.

{¶4} After appearing in the action, Lorain moved for summary judgment on four separate grounds: (1) the McKiels' claims are barred by the statute of limitations, (2) the McKiels were not entitled to a writ of mandamus because they have an adequate remedy at law, (3) to the extent that the McKiels seek to recover damages for injury caused to their property, Lorain is immune pursuant to R.C. 2744.02, and (4) there are no genuine issues of material fact, and Lorain is entitled to judgment as a matter of law. The McKiels opposed the motion. On July 2, 2018, the trial court issued an order denying Lorain's motion for summary judgment. Lorain timely appealed the order, raising a single assignment of error for our review.

II.

**Assignment of Error**

**The trial court's entry and order issued on July 2, 2018 denying [Lorain]'s motion for summary judgment was improper and contrary to law because the claims set forth in the McKiels' complaint against [Lorain] are barred, as a matter of law, due to the governmental immunity granted to [Lorain] pursuant to the express provisions of Chapter 2744 of the Ohio Revised Code.**

{¶5} In the assignment of error, Lorain contends that the McKiels' claims against Lorain are barred by R.C. 2744.02, and that the trial court erred in denying summary judgment on this basis.

{¶6} Under Civ.R. 56(C), summary judgment is appropriate when:

(1) [no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293.

{¶7} "The denial of a motion for summary judgment is not ordinarily a final, appealable order." *Buck v. Reminderville*, 9th Dist. Summit No. 27002, 2014-Ohio-1389, ¶ 5. However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." There is no dispute that Lorain is political subdivision of the state of Ohio. "Absent some other procedural obstacle," this Court "must conduct a de novo review of the law and facts." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 21. If this review reveals that only questions of law remain, this Court may resolve the appeal; however, if we find that a genuine issue of material fact remains, this Court "can remand the case to the trial court for further development of the facts necessary to resolve the immunity issue." *Id.*

{¶8} Ohio's Political Subdivision Tort Liability Act, which governs political subdivision liability and immunity, is codified in Chapter 2744 of the Revised Code. A court engages in a three-tiered analysis to determine whether a political subdivision, such as Lorain, is immune from liability for damages in a civil action. *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10. The first tier establishes generally that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision

* * * in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). In the second tier, we consider the applicability of any of the five exceptions to immunity listed in R.C. 2744.02(B)(1)-(5). If any of those exceptions apply, we move to the third tier to consider whether immunity can be restored based on the defenses enumerated in R.C. 2744.03.

{¶9} In its motion, Lorain argued that it was entitled to summary judgment on four bases. However, our review of this interlocutory appeal is limited to the alleged errors in the portion of the trial court's decision which denied the political subdivision the benefit of immunity, and this Court lacks jurisdiction to address any other interlocutory rulings the trial court made. *Owens v. Haynes*, 9th Dist. Summit No. 27027, 2014-Ohio-1503, ¶ 8, quoting *Makowski v. Kohler*, 9th Dist. Summit No. 25219, 2011-Ohio-2382, ¶ 7-8. Accordingly, our review is limited to the trial court's denial of Lorain's summary judgment argument asserting immunity, pursuant to R.C. 2744, to the extent that the McKiels seek to recover damages for injury caused to their property.

{¶10} In its entry ruling on Lorain's motion for summary judgment, the trial court stated, "Having considered all of the arguments and materials before it the court finds there are genuine issues of material fact and [Lorain] is not entitled to judgment as a matter of law. [Lorain]'s motion for summary judgment is denied." The trial court's blanket denial of Lorain's motion for summary judgment made no effort to distinguish its ruling with respect to the four separate grounds asserted in Lorain's motion, made no explicit reference to Lorain's immunity argument, and failed to clarify whether the trial court declined to grant immunity as a matter of law, or based on an unspecified dispute of fact. The more significant issue, as it appears from our review of the record, is that the trial court did not engage in the requisite three-tiered analysis for political subdivision immunity. The trial court did not discuss the general rule of liability

stated in R.C. 2744.02(A)(1), nor did the court analyze the applicability of any exceptions to immunity under R.C. 2744.02(B) or defenses to liability under R.C. 2744.03(A).

{¶11} "Upon review of the record, we conclude that the trial court erred when it failed to conduct all three parts of the political-subdivision immunity analysis before ruling on [Lorain]'s motion for summary judgment" *Stetz v. Copley Fairlawn School Dist.*, 9th Dist. Summit No. 26885, 2013-Ohio-5411, ¶ 7. "Because the trial court failed to complete the entire political-subdivision immunity analysis, we reverse its decision and remand for further proceedings" regarding Lorain's summary judgment argument that, to the extent the McKiels' claims include a request for the recovery of damages for injury caused to their property, Lorain is immune from liability pursuant to R.C. 2744.02. *Id.* at ¶ 8.

III.

{¶12} The judgment of the Lorain County Court of Common Pleas is reversed and remanded for further consideration of Lorain's motion for summary judgment.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KENNETH R. RESAR, Attorney at Law, for Appellant.

ROBERT J. GARGASZ, Attorney at Law, for Appellees.