FARINACCI ET AL., APPELLANTS, *v.* CITY OF TWINSBURG, APPELLEE.

(No. 11137—Decided February 8, 1984.)

*Mr. R. Andrew Richner,* for appellants.

*Mr. William A. LeFaiver,* for appellee.

*Per Curiam.* The plaintiffs, Carol Farinacci and Tri-County Concrete Company ("Tri-County"), appeal from the trial court's dismissal of their case. This court affirms the judgment of the trial court.

Tri-County sought to erect a chain link fence around the perimeter of its property. However, the zoning ordinance of the city of Twinsburg prohibited this construction. Therefore, Tri-County sought a variance from the zoning ordinance.

On December 23, 1981, the board of building and zoning code appeals held a public hearing to consider this variance. At that hearing, the board denied Tri-County's variance. Within a week of this hearing, the board sent a decision entry to Tri-County stating that its variance had been denied, and set forth the reasons for this decision. The entry was signed by both the secretary and the chairman of the board.

The board's next meeting was held almost eight months later, on August 18, 1982. At this meeting, the board

adopted the written minutes of the December 23, 1981 meeting. On August 30, 1982, Tri-County filed a notice of appeal to the trial court, appealing the board's denial of its variance. The trial court dismissed this appeal based on the finding that Tri-County failed to file a timely notice of appeal. Tri-County raises three assignments of error, essentially asserting that the notice of appeal from the board's decision was timely filed.

### Assignments of Error

"I. The dismissal of the appeal to the court of common pleas is in error because the appeal was timely filed.

"II. The judgment of the court of common pleas is in error in that it is wholly unsupported by the evidence.

"III. The dismissal of the appeal to the court of common pleas is in error because it is contrary to public policy."

R.C. 2505.07 provides that an appeal must be perfected within ten days from the entry of a final order of an administrative body. At issue in the instant case is at what point did the board enter its final order from which Tri-County's right to appeal arose.

The board argues that Tri-County's right to appeal arose prior to the filing of the minutes. Specifically, it argues that the appeal should have been filed within ten days from the date the board sent Tri-County its decision entry.

In *Hinton* v. *Hine* (April 21, 1982), Summit App. No. 10455, unreported, this court held that an appeal from a decision by the Copley Township zoning inspector to the board of zoning appeals commences on the date the official decision of the inspector is mailed to the applicant or his attorney. In that case, Hinton filed an application for a zoning certificate in order to construct a drive-thru beverage store. This application was denied by Hine, the township zoning director. Hine telephoned Hinton to inform him of the decision. Hine subse-

quently sent Hinton written notification. At issue was whether the time for appeal to the township board of zoning appeals arose when the phone call was made or when written notification was sent.

This court held that the right to appeal arose at the time written notification was sent. This holding was based on the fact that Hinton was required to submit a written application for a zoning certificate, pursuant to the Copley Township zoning resolution. This application contained a section for the zoning inspector to fill out, stating whether the application was approved or rejected, along with an explanation of the basis for the decision. Hinton was, therefore, entitled to be notified of the decision in the same manner in which he submitted the application. Therefore, notification for purposes of appeal arose on the date the written notification of the inspector's decision was mailed to Hinton.

In the instant case, Tri-County filed a written application for a zoning variance to the board of zoning appeals. This application contained a section to be filled out by the board, stating the board's vote, decision, and its reasons. Based on the rationale of *Hinton* v. *Hine, supra,* we hold that written notification of the board's decision to Tri-County was sufficient to constitute an entry for purposes of appeal. Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and HARRIS, J., concur.

GEORGE, J., dissents.

HARRIS, J., of the Court of Common Pleas of Lorain County, sitting by

assignment in the Ninth Appellate District.

GEORGE, J., dissenting. This case can be distinguished from *Hinton* v. *Hine* (April 21, 1982), Summit App. No. 10455, unreported. That case involved an appeal from the decision of a zoning inspector to the board of zoning appeals while this case concerns an appeal from the decision of the board of zoning appeals to the trial court. This distinction becomes significant when consideration is given to R.C. 519.15 which requires a township zoning board of appeals to maintain a permanent record of its meetings in the form of minutes. This formality serves to maintain an official record of the board's activity. It gives rise to the expectation that official actions of the board are reflected through its minutes. No such requirement or expectation exists from a decision made by a zoning inspector.

Since the minutes of the board reflect its official action, and since a party who is affected by the board's decision expects such official action to be reflected in the board's minutes, it follows that the filing of the minutes normally constitutes the final order of the board. *Rider* v. *Lynch* (April 20, 1983), Summit App. No. 10935, unreported; and *Lakewood Homes* v. *Bd. of Adjustment* (1971), 25 Ohio App. 2d 125 [54 O.O.2d 306].

While the filing of the minutes is one method by which the board may issue its final orders it is not the only method. However, to establish a different procedure, the board must properly adopt it. *Rider* v. *Lynch, supra,* at 5. Such alternate procedure contemplates board action taken upon it in the same manner as is required to adopt other procedural rules. Finally, the intended final order should provide suitable notice to a party by reflecting its finality. Such notice could be easily accomplished by noting on its face, "This decision constitutes the final order for the purpose of appeal," or other similar language.

Here the board filled in the bottom portion of the variance appeal form. This was the form originally filed by Tri-County. While this portion did indicate the votes taken and set forth the board's reasons, it was undated and did not carry a notation of finality. There was nothing to indicate that this form, once completed at the bottom, was to serve as the official act of the board. Finally, there was nothing in the record to support the conclusion that the board had adopted this form as its official notification from which appeals should be taken. Therefore, Tri-County was justified in assuming that this form was no more than an informal recordation of the board's decision.

For these reasons it is unfair to require Tri-County to follow a procedure which has not been formally adopted and which does not provide suitable notice. Tri-County's right to appeal, therefore, should have occurred on August 18, 1982, when the minutes from the December 23, 1981 meeting were filed rather than in late December 1981 as the majority has held.