[Cite as *Akron Dept. of Neighborhood Assistance v. Helms*, 2019-Ohio-4554.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOEL HELMS

     Appellant

     v.

DEPARTMENT OF NEIGHBORHOOD
ASSISTANCE

     Appellant

C.A. No.     29329

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2018-11-4606

DECISION AND JOURNAL ENTRY

Dated: November 6, 2019

---

CARR, Judge.

{¶1} Appellant Joel Helms, pro se, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter concerns the property located at 1117 Ackley Street, Akron, Ohio. After an inspection of that property on August 2, 2018, the Akron Department of Neighborhood Assistance ("the City") issued an order to Helms, as the operator/agent of that property, requiring him to address a number of housing code violations.

{¶3} Helms appealed the order to the Akron Housing Appeals Board ("the Board"). On September 18, 2018, the Board conducted a hearing and ultimately denied Helms' appeal. At the conclusion of the hearing, Helms was handed a written notice of the Board's decision. The following day, Helms signed a copy of the Board's decision indicating that he received it on September 19, 2018. Helms also received the Board's "Conclusion of Fact" indicating that its

findings were based on "the facts and evidence presented as summarized in the Board's Minutes[.]"

{¶4} Helms did not file a notice of appeal with the Board until November 2, 2018. The City filed a motion to dismiss in the Summit County Court of Common Pleas on the basis that Helms failed to perfect his appeal within the 30-day timeframe set forth in R.C. 2505.04 and R.C. 2505.07. On January 30, 2019, the trial court issued an order granting the City's motion to dismiss on the basis that Helms did not perfect his appeal in a timely manner.

{¶5} Helms has appealed the trial court's judgment to this Court and raises three assignments of error. We consolidate those assignments of error to facilitate review.

II.

### ASSIGNMENT OF ERROR I

APPEAL TIME TABLE CANNOT BEGIN TO TOLL UNTIL ALL DETERMINATE DOCUMENTS ARE AVAILABLE FOR OBSERVATION.

### ASSIGNMENT OF ERROR II

WHAT IS THE EFFECTIVE DATE OF DETERMINANT DOCUMENT THAT REQUIRES VOTE TO FINALIZE? I.E. IF THE DRAFT DOCUMENT IS NOT RELEVANTLY CHANGED, MAY DRAFT DATE, THAT DATE DOCUMENT WAS EFFECTIVELY USED TO CREATE FURTHER DOCUMENT BE EFFECTIVE DATE OF FURTHER DOCUMENT?

### ASSIGNMENT OF ERROR III

IS THERE A LEGAL VALIDITY TO A DOCUMENT SIGNED BEFORE CONTENT BEING AFFIRMED EXISTS, SO VOIDING JUDGMENT CONTAINED?

{¶6} In his first assignment of error, Helms contends that the time for filing his appeal of the Board's decision did not begin to run until the Board issued the written minutes from the September 18, 2018 hearing. In his second assignment of error, Helms argues that the written notice of decision that he received lacked legal validity because the minutes had not yet been

approved.  In his final assignment of error, Helms maintains that the Board's decision should be voided.  This Court disagrees with all three arguments.

{¶7}  This Court conducts a de novo review of a trial court's ruling on a motion to dismiss for a lack of subject matter jurisdiction.  *Mellion v. Akron City School Dist. Bd. of Edn.*, 9th Dist. Summit No. 23227, 2007-Ohio-242, ¶ 6.

{¶8}  It is well settled that "when the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute."  *Pyramid Ents. L.L.C. v. Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 28623, 2018-Ohio-2178, ¶ 6, quoting *Welsh Dev. Co., Inc. v. Warren City Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14.

{¶9}  R.C. 2505.04 states that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."  "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."  R.C. 2505.07.  *See also Chapman v. Hous., Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651, *3 (Aug. 13, 1997) ("The period of time within which an appeal from an administrative board must be perfected is thirty days after the entry of a final order.").

{¶10}  While Helms raises three assignments of error, he has not set forth an independent argument for each assignment of error in his merit brief.  Instead, he offers a consolidated discussion wherein he references a number of issues related to a purported delay in approving the

minutes from the September 18, 2018 hearing. We further note that Helms declined to include citations to law in support of his assignments of error. *See* App.R. 16(A)(7).

{¶11} Helms' foremost argument appears to be that the time for filing his appeal did not begin to run until the Board issued the written minutes from the September 18, 2018 hearing. Helms posits that while he received a document notifying him that the Board denied his appeal immediately following the hearing, that notice had no legal effect because the Board had not formalized its decision by "officially approv[ing]" the meeting minutes. Helms suggests that the Board's decision should "be voided" in light of the delay in approving the meeting minutes.

{¶12} In support of its motion to dismiss, the City attached the notice of the Board's decision denying his appeal, which was dated "9-18-18[.]" The City also attached the affidavit of Jodie Forester, a supervisor for the Akron Dept. of Neighborhood Assistance, who averred that she handed Helms the written notice of the Board's decision at the conclusion of the September 18, 2018 hearing. The following day, Helms signed a copy of the decision, "Received in person by Joel A. Helms 19 Sept. 18[.]" The Board's decision notified Helms of his opportunity to appeal to the Summit County Court of Common Pleas, "provided an appeal is perfected within 30 days."

{¶13} Helms' arguments are without merit. While minutes may constitute an administrative board's actual decision under certain circumstances, "[t]his Court has held that a board enters its final order for purposes of perfecting an appeal when it sends written notification of its decision to the party." *Chapman*, 1997 WL 537651, at *3, citing *Farinacci v. Twinsburg*, 14 Ohio App.3d 20, 21 (9th Dist.1984). Regardless of when the Board approved its minutes from the hearing in this case, the Board entered its final order for the purposes of perfecting an appeal when it sent written notification of its decision to Helms. *See generally DAMSA, Ltd. v.*

*Sandusky*, 6th Dist. Erie No. E-15-036, 2016-Ohio-5069, ¶ 11. The City demonstrated that Helms was handed a notice of the decision immediately after the hearing on September 18, 2018. The next day, Helms signed off on receiving a written notice of the Board's decision. Helms did not file his notice of appeal until November 2, 2019, well outside the 30-day window set forth by R.C. 2505.07. It follows that the trial court did not err in granting the City's motion to dismiss.

{¶14} Helms' assignments of error are overruled.

III.

{¶15} Helms' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

───────

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
TEODOSIO, P.J.
CONCUR.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

EVE V. BELVANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Director of Law, for Appellee.