[Cite as *Li v. Revere Local Schools Bd. of Edn.*, 2020-Ohio-3157.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| DAVID LI, et al. | | C.A. No. 28447 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| REVERE LOCAL SCHOOLS BOARD OF EDUCATION | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2016-04-1833 |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: June 3, 2020

SCHAFER, Presiding Judge.

{¶1} Plaintiff-Appellants, David and Cynthia Li ("the Lis"), appeal the judgment of the Summit County Court of Common Pleas affirming Defendant-Appellee, Revere Locals School District Board of Education's ("Board"), suspension of their son following an administrative appeal. We affirm.

I.

{¶2} In March 2016, the Board suspended the Lis' son with a recommendation for expulsion following a disciplinary incident. The Lis appealed the suspension, and a hearing took place before the Board's designee. Following the hearing, the Board's designee sent a letter to the Lis upholding their son's suspension. The Lis then attempted to file an administrative appeal in the Summit County Court of Common Pleas. However, upon motion from the Board, the common pleas court determined that the Lis did not file a timely notice of appeal with the Board and dismissed the administrative appeal for lack of jurisdiction.

{¶3}    The Lis filed this appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The court of common pleas abused its discretion when it dismissed [the Lis]' appeal with prejudice claiming [the Lis] failed to perfect service despite direct evidence that [the Lis] did perfect service and complied with all statutory requirements.**

{¶4}    On appeal to this Court, the Lis contend that the common pleas court erred when it determined the Lis' appeal of the suspension was untimely and dismissed their appeal for lack of jurisdiction.  We disagree.

{¶5}    Although the Lis contend that the standard of review in this matter is whether the common pleas court abused its discretion in dismissing their appeal, "[t]his Court conducts a de novo review of a trial court's ruling on a motion to dismiss for a lack of subject matter jurisdiction." *Helms v. Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 29329, 2019-Ohio-4554, ¶ 7.

{¶6}    A school board's decision to suspend a student may be appealed pursuant to R.C. Chapter 2506.  R.C. 3313.66(E).  "It is well settled that 'when the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute.'" *Helms* at ¶ 8, quoting *Pyramids Ents. L.L.C. v. Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 28623, 2018-Ohio-2178, ¶ 6.

{¶7}    Pursuant to R.C. 2505.04, an administrative-related appeal is perfected when a written notice of appeal is filed "with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved[.]"  "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011-Ohio-6735, ¶ 5, quoting

*Welsh Dev. Co. Inc., v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 18, 39. "An administrative appeal is considered filed and perfected for purposes of R.C. 2505.04 if the clerk of courts serves upon the administrative agency a copy of the notice of the appeal filed in the court of common pleas and the administrative agency is served within the time period prescribed by R.C. 2505.07." *Welsh Dev. Co.* at syllabus.

{¶8} R.C. 2505.07 provides the time period within which a notice of appeal must perfected. That statute states that after the entry of a final order by "an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected * * * is thirty days." R.C. 2505.07. "[I]f the notice of appeal is filed with the administrative body after the 30-day period, then the notice of appeal is untimely and the [common pleas] court lacks jurisdiction to consider the appeal." *Homeless Charity v. City of Akron*, 9th Dist. Summit No. 29334, 2019-Ohio-5330, ¶ 7, citing *Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 12-13. This Court has held "that the provisions regarding the perfection of an appeal are mandatory and that we do not have authority to adopt a 'substantial compliance' test." *Id.* at ¶ 8, quoting *Harris v. City of Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8.

{¶9} It is undisputed in this case that the Board's decision was issued on March 18, 2016, and that the Lis' deadline to file their notice of appeal with the Board was April 17, 2016. A review of the record shows that the Lis filed a notice of appeal of the March 18, 2016 decision in the court of common pleas on April 11, 2016. The certificate of service attached to the notice of appeal states that a copy of the notice of appeal was provided that same day to Attorney Helen S. Carrol, the Board's outside counsel, and to the Ohio Department of Education c/o Bernadette Laughlin. Concurrently with the notice of appeal, the Lis filed a praecipe "to the clerk, officer and

or agent of the Revere Local Schools Board Of Education," requesting "the complete transcript of all of the original papers, testimony and evidence offered, heard and taken into consideration in issuing the final order, adjudication or decision" of the suspension of the Lis' son. The Lis also filed instructions for service on April 11, 2016, requesting the Summit County Clerk of Courts serve the notice of appeal and the praecipe by certified mail to Attorney Carrol and Ms. Laughlin at the Ohio Department of Education.

{¶10} The Lis subsequently filed a notice of service on May 11, 2016, indicating that the notice of appeal had been delivered to the office of the Superintendent of the Revere Local School District via certified mail on May 5, 2016. The Board then moved the common pleas court to dismiss the Lis' attempted appeal for lack of jurisdiction on the basis that, inter alia, the Lis' notice of appeal was untimely. Relevant to this appeal, the Lis asserted in response that they had timely filed their notice of appeal by serving the notice to the Board's attorney and by mailing a copy of the notice to the Superintendent of the Revere Local School District on April 11, 2016. The common pleas court determined that the evidence did not show that the Lis sent a copy of the notice of appeal to the Superintendent on April 11, 2016, and ultimately granted the Board's motion to dismiss.

{¶11} On appeal, the Lis appear to assert that service of the notice of appeal on Attorney Carrol was sufficient to constitute service on the Board because the Lis also sent a letter to the Superintendent of the Revere Local School District on April 11, 2016, which included a copy of the notice of appeal.

{¶12} First, this Court has previously "reject[ed] the argument that service of a notice of appeal on the opposing party's lawyer is the same as filing it with the appropriate administrative body." *Lorenzo Properties, II, Inc. v. City of Akron*, 9th Dist. Summit No. 25807, 2011-Ohio-

5369, ¶ 12. Although this Court has not foreclosed the possibility that under certain circumstances service delivered to counsel may satisfy the filing requirement under R.C. 2505.04, the Lis have not argued and the record does not reflect any such factual circumstances. *See Highland Square Mgt. v. City of Akron*, 9th Dist. Summit Nos. 27211 and 27372, 2015-Ohio-401, ¶ 10 (acknowledging the holding in an Eleventh District case that concluded service delivered to a city's manager and zoning inspector office was sufficient to notify zoning board of intention to appeal its decision where the zoning office did not have its own office and received all deliveries at the manager and zoning inspector's office), citing *Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059.

{¶13} Second, the record does not support the Lis' assertion that they sent the superintendent a copy of the notice of appeal on April 11, 2016. The certificate of service attached to the Lis' notice of appeal filed in the court of common pleas only states that service of the notice was provided to Attorney Carrol and Ms. Laughlin. Likewise, the Lis' instructions for service of the notice of appeal only requested certified mail service to Attorney Carrol and Ms. Laughlin. Moreover, even if the Lis could show that they *sent* a copy of the notice of appeal on April 11, 2016, that would not establish that the notice of appeal was *filed* with the agency, as required by R.C. 2505.04, by April 17, 2016. Additionally, any claim that the notice of appeal was timely filed with the Board is contradicted by the Lis' own notice of service, filed prior to the Board's filing of the Motion to Dismiss, purporting to show that the notice of appeal had been delivered to the office of the Superintendent of the Revere Local School District via certified mail on May 5, 2016: eighteen days after the deadline for perfecting the appeal.

{¶14} It was not until the Board filed its motion to dismiss citing the Lis' notice of service which stated that the notice of appeal was delivered to the superintendent on May 5, 2016, that the

Lis asserted in their response that they sent the notice of appeal to the Superintendent on April 11, 2016. Although the Lis attached a copy of a letter dated April 11, 2016, which was addressed to the superintendent and stated that a copy of the notice of appeal was attached, the Lis did not provide any evidence—such as a postmarked envelope, a certificate of service, or an affidavit attesting to service—to show that service was indeed perfected on April 11, 2016. The Lis' response to the motion to dismiss made no attempt to address or resolve the conflict this assertion created with their previously filed notice of service stating that the notice of appeal was delivered to the superintendent on May 5, 2016. The Lis also do not address in their response why they listed Attorney Carrol and Ms. Laughlin on the certificate of service of the notice of appeal filed in the common pleas court on April 11, 2016—but not the superintendent—despite their subsequent claim that he was also sent a copy of the notice of appeal on April 11, 2016.

{¶15} Moreover, in response to this assertion, the Board produced an affidavit from the superintendent explaining his office's procedure for handling incoming mail and the record-keeping system in place for that mail. The superintendent averred that he never received a correspondence from the Lis' attorney dated April 11, 2016, and that the first time he saw the letter attached to the Lis' response was after the response had been filed in the common pleas court. The superintendent further averred that he did not receive service of the notice of appeal until May 6, 2016.

{¶16} Based on the above, we conclude that the Lis failed to present any evidence to refute the Board's claim and supporting evidence showing that the Lis failed to timely file their notice of appeal of their son's suspension. Therefore, the assignment of error is overruled.

II.

**{¶17}** The Lis' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgement affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
PIETRYKOWSKI, J.
CONCUR.

(Pietrykowski, J., of the Sixth District Court of Appeals, sitting by assignment.)

APPEARANCES:

J. REID YODER, BENJAMIN R. SORBER, and THOMAS M. DICAUDO, Attorneys at Law, for Appellants.

MIRIAM PERLMUTTER and CHRISTINA HENAGEN PEER, Attorneys at Law, for Appellee.