[Cite as *Lavery v. Akron Dept. of Neighborhood Assistance*, 2020-Ohio-3439.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| THOMAS LAVERY, JR. | C.A. No.    29318 |
| Appellan | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AKRON DEPT. OF NEIGHBORHOOD ASSISTANCE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.    CV-2018-11-4760 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2020

TEODOSIO, Judge.

{¶1}    Thomas Lavery, Jr. appeals the judgment of the Summit County Court of Common Pleas dismissing his administrative appeal.  We affirm.

I.

{¶2}    On October 16, 2018, the City of the Akron Housing Appeals Board ("Board") conducted a hearing regarding property owned by Thomas Lavery, Jr. at 575 North Portage Path in Akron, Ohio.  At the conclusion of the hearing, the Board ordered the demolition of the property.  Mr. Lavery filed a Notice of Appeal in the Summit County Court of Common Pleas on November 16, 2018.  The City of Akron Department of Neighborhood Assistance ("City of Akron") motioned the trial court to dismiss the administrative appeal for failure to timely perfect the appeal pursuant to the statutory requirements.  On January 14, 2019, the trial court dismissed the administrative appeal for lack of jurisdiction.

{¶3}    Mr. Lavery now appeals to this Court, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

The Appeal was perfected in time, November 16 with a copy to the Akron Dept./Housing Div., and date-stamped, then taken to the Court Clerk's Office for filing and dating—see original papers. Thus there is jurisdiction for the Common Pleas Court. The Common Pleas Judge's Decision regarding the times is simply wrong, merely rubber-stamping the City's claims.

The original appeal regarding the house and property apparently cannot be yet decided since there is no complete record, which was requested by Mr. Lavery multiple times, but never produced. It was denied by the Common Pleas Judge, again rubber-stamping the City's claims.

{¶4} In his assignment of error, Mr. Lavery argues the trial court erred in dismissing his administrative appeal as untimely. We disagree.

{¶5} The dismissal of a case for lack of subject matter jurisdiction "'inherently raises questions of law,'" which requires a de novo review. *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010–Ohio–3494, ¶ 11, quoting *Exchange St. Assocs., L.L.C. v. Donofrio*, 187 Ohio App.3d 241, 2010–Ohio–127, ¶ 4 (9th Dist.). "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶6} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011–Ohio–1604, ¶ 14. R.C. 2505.04, in pertinent part, sets forth the procedure for perfecting an administrative appeal: "An appeal is perfected when a written notice of appeal is filed * * * with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Further, R.C. 2505.07 provides: "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected,

unless otherwise provided by law, is thirty days." If the procedure set forth by R.C. 2505.04 is not followed, then the common pleas court does not have jurisdiction to hear the appeal and must dismiss it. *Helms v. Akron Health Dept.*, 9th Dist. Summit No. 21735, 2004-Ohio-3408, ¶ 11.

{¶7} "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011–Ohio–6735, ¶ 5, quoting *Welsh Dev. Co.* at ¶ 18, 39. This Court has held that the specific language in R.C. 2505.04 requires that a notice of appeal must be filed with the administrative agency from which the appeal is taken. *Thrower v. Akron Dept. of Health Hous. Appeals Bd.*, 9th Dist. Summit No. 21061, 2002-Ohio-5943, ¶ 18. The filing of a notice of appeal in the common pleas court is insufficient to vest jurisdiction over an administrative appeal. *Id.* We have held that the provisions regarding the perfection of an appeal are mandatory and that we do not have authority to adopt a "'substantial compliance'" test. *Harris v. Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 21197, 2003-Ohio-724, ¶ 8, quoting *Chapman v. Hous. Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651, *3 (Aug. 13, 1997).

{¶8} In support of its motion to dismiss, the City of Akron submitted the affidavit of Jodie Forester, who averred: (1) that she is a supervisor in the Housing Division of the Department of Neighborhood Assistance for the City of Akron; (2) that she is responsible for presenting properties for consideration of demolition by the Housing Appeals Board, providing notice to interested parties of hearings and of the Board's decisions, and maintaining records of the Board including Notices of Appeal of the Board's decisions; (3) that Mr. Lavery was present at the hearing and was handed a copy of the Board's decision on October 16, 2018; (4) that a Notice of

the Board's decision was mailed to Mr. Lavery on October 17, 2018; and (5) that Mr. Lavery's Notice of Appeal was filed at the Board on November 21, 2018.

{¶9} Accordingly, in its judgment entry, the trial court determined that the Board issued its decision on October 16, 2018, and handed a written copy of the decision to Mr. Lavery at that time, with a copy of the decision having been mailed to Mr. Lavery on October 17, 2018. These determinations are supported by affidavit evidence in the record.

{¶10} In *Chapman v. Hous. Appeals Bd.* we stated:

> The period of time within which an appeal from an administrative board must be perfected is thirty days after the entry of the final order. See R.C. 2505.07; *Guysinger, supra*; *Patrick Media Group, Inc., supra*. Ohio Revised Code 2505.07 was amended effective March 17, 1987, to indicate that an administrative board's "entry," not "journal entry," can commence the running of a person's time within which to perfect an appeal. This amendment clarified that minutes or any other writing can constitute a board's decision.

*Chapman*, 1997 WL 537651, at *3. Much like the present case, Mr. Chapman had received both written and verbal notice of the Board's decision at the conclusion of the hearing. *Id.* at *1, *4. We concluded the trial court lacked jurisdiction to hear Mr. Chapman's administrative appeal because he "failed to timely perfect his appeal with the Board within thirty days after he received verbal and written notice of the Board's decision." *Id.* at *4.

{¶11} Based upon the 30-day period from the Board's decision of October 16, 2018, Mr. Lavery had through November 15, 2018, to perfect his appeal in accordance with R.C. 2505.07. This included the requirement that a notice of appeal be filed with the administrative agency from which the appeal is taken. *See Thrower* at ¶ 18. "[I]f the notice of appeal is filed with the administrative body after the 30–day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal." *Pyramid Ents. L.L.C. v. City of Akron Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 28623, 2018-Ohio- 2178, ¶ 8.

{¶12} Relying upon affidavit evidence, the trial court determined that the notice of the appeal was not filed with the Board until November 21, 2018. Mr. Lavery argues that this date is inaccurate, and that he filed his notice of appeal with the Board on November 16, 2018. However, even if we were to assume the date provided by Mr. Lavery was correct, and that he filed his notice of appeal on November 16, 2018, the notice would remain outside of the window allowed for perfecting his appeal. As a consequence, the appeal was untimely and the trial court was without jurisdiction.

{¶13} We note that Mr. Lavery does not dispute that he received notice of the Board's decision on October 16, 2018. Mr. Lavery also fails to direct this Court to anything in the record that would indicate his notice of appeal was received by the Housing Appeals Board within 30 days of it rendering its decision (i.e., on or before November 15, 2018), nor can this Court locate any such support within the record.

{¶14} Because our review is limited to the record, we cannot say the trial court erred in dismissing Mr. Lavery's administrative appeal. The assignment of error is therefore overruled.

III.

{¶15} Mr. Lavery's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

THOMAS LAVERY, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and JOHN R. YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.