[Cite as *Dept. of Neighborhood Assistance v. Helms*, 2021-Ohio-2667.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JOEL HELMS | C.A. No. 29791 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DEPARTMENT OF NEIGHBORHOOD ASSISTANCE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2020-01-0206 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: August 4, 2021

CARR, Judge.

{¶1} Appellant, Joel Helms, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In November 2019, the City of Akron Department of Neighborhood Assistance ("the City") posted an order at the property located at 1117 Ackley Street, Akron, Ohio, notifying the owner of several housing code violations and imposing an administrative fine. Mr. Helms appealed and the matter was set for a hearing before the Akron Housing Appeals Board ("the Board").

{¶3} The hearing proceeded as scheduled on December 17, 2019, at which time Mr. Helms' appeal was denied. On January 17, 2020, Mr. Helms filed a notice of administrative appeal. Both parties filed briefs in the trial court, with the City arguing that Mr. Helms' administrative appeal was untimely. Thereafter, the trial court issued a journal entry dismissing

the matter for lack of jurisdiction on the basis that Mr. Helms had failed to perfect his appeal within the timeframe set forth in R.C. 2505.07.

{¶4}   On appeal, Helms raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

APPEAL TIME TABLE CANNOT BEGIN TO TOLL UNTIL ALL DETERMINATE DOCUMENTS ARE AVAILABLE FOR OBSERVATION CONTRARY TO CASE LAW. (SIC)

{¶5}   In his sole assignment of error, Mr. Helms argues that the trial court erred in concluding that his administrative appeal was untimely.  This Court disagrees.

{¶6}   This Court reviews a trial court's dismissal of a case for lack of subject matter jurisdiction under a de novo standard of review.  *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 11.  "When reviewing a matter de novo, this [C]ourt does not give deference to the trial court's decision."  *Blue Heron Nurseries, L.C.C. v. Funk*, 186 Ohio App.3d 769, 2010-Ohio-876, ¶ 5 (9th Dist.).

{¶7}   R.C. 2505.07 provides that "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." R.C. 2505.04 states that "[a]n appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."

{¶8}   A review of the minutes from the December 17, 2019 hearing reveals that the Board's decision was announced on the record and reduced to writing that same day, in the presence of Mr. Helms.  When a representative of the Board attempted to hand the written notice

of the decision to Mr. Helms, he refused to accept it. The written notice was then placed on the podium in front of Mr. Helms. Mr. Helms did not file his notice of appeal until January 17, 2020. The trial court dismissed the case on the basis that Mr. Helms did not perfect his appeal within the 30-day window set forth in R.C. 2505.07. In reaching this determination, the trial court found that the Board provided written notice of its decision to Mr. Helms on the same day it entered its decision.

{¶9} While Mr. Helms alludes to an array of procedural issues in his merit brief, the crux of his argument appears to be that time never began to run for the purposes of R.C. 2505.07 because the Board never provided him with written notice of its decision. Mr. Helms further suggests that the trial court ignored pertinent statutes when it dismissed his appeal.

{¶10} Mr. Helms' argument is without merit. "This Court has held that a board enters its final order for purposes of perfecting an appeal when it sends written notification of its decision to the party." *Chapman v. Hous. Appeals Bd.*, 9th Dist. Summit No. 18166, 1997 WL 537651, *3 (Aug. 13, 1997), citing *Farinacci v. Twinsburg*, 14 Ohio App.3d 20, 21 (9th Dist.1984). In a prior appeal involving Mr. Helms, this Court recognized that Mr. Helms received notification of the Board's decision when he was handed written notice of the decision after the hearing. *Helms v. Dept. of Neighborhood Assistance*, 9th Dist. Summit No. 29329, 2019-Ohio-4554, ¶ 13. In this case, Mr. Helms was provided with written notice of the Board's decision immediately following the December 17, 2019 hearing. The fact that he refused to accept the written notice does not mean that he can circumvent the dictates of R.C. 2505.07. Accordingly, the trial court did not err in dismissing his administrative appeal which was filed on January 17, 2020.

{¶11} Mr. Helms' assignment of error is overruled.

III.

{¶12}  Mr. Helms' assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

EVE V. BELFANCE, Director of Law, and JOHN ROBERT YORK and BRIAN D. BREMER, Assistant Directors of Law, for Appellee.