[Cite as *Property Junkie, L.L.C. v. Akron Dept. of Neighborhood Assistance*, 2025-Ohio-3056.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PROPERTY JUNKIE, LLC

    Appellant

v.

CITY OF AKRON, DEPT. OF
NEIGHBORHOOD ASSISTANCE, et al.

    Appellees

C.A. No.    31303

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2024-08-3554

DECISION AND JOURNAL ENTRY

Dated: August 27, 2025

CARR, Judge.

**{¶1}**  Appellant, Property Junkie, LLC, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

**{¶2}**  This matter concerns the residential property located at 1559 Hampton Road in Akron ("the property").  In 2021, the property was purchased by Property Junkie, a business that rehabilitates properties that have fallen into a state of disrepair.  Property Junkie is a single-member limited liability company owned by Shauntell Forney.  At the time of the purchase, the property was subject to a number of outstanding housing code violations, had been deemed unfit for habitation, and had become a source of concern for neighbors.  On June 20, 2023, the Akron Housing Appeals Board ("the Board") held a hearing concerning the property and ordered the property demolished.  The Board sent notice of its decision via regular and certified mail.

{¶3} More than a year later, on August 16, 2024, Property Junkie filed a notice of appeal and a request for injunctive relief in the trial court, as well as a motion for leave to file a delayed appeal from the Board's decision. The City of Akron Department of Neighborhood Assistance ("the City") moved to dismiss the appeal and filed a brief in opposition to the motion for leave. Property Junkie filed a response to the motion to dismiss, and the City replied thereto. Property Junkie then filed a motion for leave to amend its notice to appeal along with the amended notice of appeal filed instanter. The City opposed the motion for leave and moved to strike the amended notice of appeal, arguing that it was merely an attempt to reframe the timeline to appeal.

{¶4} The trial court subsequently issued a journal entry granting the motion to dismiss on the basis that, because Property Junkie's administrative appeal was untimely, the trial court was without jurisdiction to hear the appeal. In light of its jurisdiction ruling, the trial court determined that the issues pertaining to amending the notice of appeal were moot.

{¶5} On appeal, Property Junkie raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL.

{¶6} In its first assignment of error, Property Junkie argues that the trial court erred in concluding that it did not have jurisdiction to consider Property Junkie's motion for leave to file a delayed administrative appeal. This Court disagrees.

Background

{¶7} Upon acquiring the Hampton Road property in May 2021, Property Junkie inherited a number of orders requiring it to comply with various housing code provisions in the Akron Code of Ordinances. After failing to comply with those orders, Ms. Forney, in April 2022, contacted

the City's Housing Division and requested that copies of the orders be sent to her via email. The Housing Division complied with her request. In the year that followed, the Housing Division continued to receive complaints about the property and Property Junkie failed to comply with the outstanding orders pertaining to housing code violations. The Housing Division was unable to contact Ms. Forney during that period despite repeated attempts to do so.

{¶8} A public hearing to consider demolition of the property was set for May 16, 2023. The Board heard testimony on the matter on that date, but ultimately continued the hearing until June 20, 2023. As had been done with the May 16, 2023 hearing, notice of the June 20, 2023 hearing was sent to Property Junkie via direct regular and certified mail. Notice of the June 20, 2023 hearing was also posted at the property and published in the Akron Beacon Journal. The Board convened the hearing on June 20, 2023, but Ms. Forney did not appear. The Board ordered the property demolished at the close of the hearing. One June 21, 2023, the Board notified Property Junkie of its decision via regular and certified mail. The regular mail was returned as undelivered but the certified mail was not returned. Notice of the Board's decision was also posted at the property on June 22, 2023.

{¶9} On August 16, 2024, Property Junkie filed a motion for leave to file an appeal from the Board's decision in the trial court. The motion for leave was accompanied by a notice of administrative appeal and a request for injunctive relief. In support of its motion for leave, Property Junkie argued that the trial court had authority to grant leave to appeal under R.C. 2505.04. Property Junkie attached the affidavit of Ms. Forney, who averred that she never received notice of the demolition order in the mail because she relocated the mailing address for Property

Junkie.[1]  The City moved to dismiss the attempted appeal on the basis that it was not timely filed given that the Board's demolition order became a final, appealable order when it was sent to Property Junkie on June 21, 2023.  The City also filed a brief in opposition to the motion for leave wherein it argued that Property Junkie's failure to perfect a timely administrative appeal divested the trial court of jurisdiction to consider the case.  Property Junkie filed a reply brief arguing that R.C. 2505.04 and R.C. 2505.08 contemplate granting leave for delayed appeals.  The City then filed a brief in support of its motion to dismiss maintaining that the trial court did not have discretion to consider a case where it lacked jurisdiction.

{¶10}  The trial court subsequently issued a journal entry granting the City's motion to dismiss on the basis that it was without jurisdiction to hear the case because Property Junkie failed to perfect a timely appeal.  The trial court reasoned that strict compliance with R.C. 2505.04 was required to perfect an administrative appeal and that the trial court was not afforded with discretion to hear an untimely administrative appeal.

Discussion

{¶11}  In support of its first assignment of error, Property Junkie argues that the trial court erroneously concluded that it lacked jurisdiction to consider its motion for leave to file a delayed administrative appeal.  Emphasizing that jurisdiction is conferred by statute, Property Junkie contends that because R.C. 2505.04 and R.C. 2505.08 contemplate the possibility of obtaining leave to file a delayed appeal, "[i]t is not such that jurisdiction does not exist at all, but rather that it is up to the court whether to accept or decline jurisdiction."  Property Junkie maintains that upon

---

[1] Ms. Forney further averred that she was on bedrest in late 2023 and early 2024 due to complications with a pregnancy.  The child was born in April 2024.

the filing of its motion for leave to file a delayed appeal, the trial court had discretion to permit the appeal.

{¶12} Jurisdictional questions that turn on statutory interpretation present issues of law and are reviewed de novo. *See Ross v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-4746, ¶ 8. "When reviewing a matter de novo, this [C]ourt does not give deference to the trial court's decision." *Blue Heron Nurseries, L.L.C. v. Funk*, 2010-Ohio-876, ¶ 5 (9th Dist.).

{¶13} The Ohio Constitution provides that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Const., art. IV, § 4(B).

{¶14} R.C. 2505.07 provides that "[a]fter the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

{¶15} As noted above, Property Junkie highlights the requirements for perfecting an appeal set forth in R.C. 2505.04, which states:

> An appeal is perfected when a written notice of appeal is filed, in the case of an appeal of a final order, judgment, or decree of a court, in accordance with the Rules of Appellate Procedure or the Rules of Practice of the Supreme Court, or, in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved. If a leave to appeal from a court first must be obtained, a notice of appeal also shall be filed in the appellate court. After being perfected, an appeal shall not be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional.

{¶16} R.C. 2505.08 further provides as follows:

> In the case of an administrative-related appeal other than an expedited appeal brought under sections 2506.05 to 2506.08 of the Revised Code, within forty days after the filing of a notice of appeal or the obtaining of a leave to appeal, as described in section 2505.04 of the Revised Code, the administrative officer,

agency, board, department, tribunal, commission, or other instrumentality whose final order is being appealed shall prepare and file in the court to which the appeal is taken a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order. The costs of the transcript shall be taxed as part of the costs of the appeal.

{¶17} "Perfection of [an administrative] appeal, as R.C. 2505.07 requires, must occur within 30 days after the entry of the final order. And a public body creates an entry through the act of making or entering a record. (Internal citations and quotations omitted.) *State ex rel. Cox v. Youngstown Civ. Serv. Comm.*, 2021-Ohio-2799, ¶ 26. The plain language of R.C. 2505.07 makes clear that the "entry of a final order" starts the clock for filing a timely appeal. "This Court has held that a board enters its final order for purposes of perfecting an appeal when it sends written notification of its decision to the party." *Chapman v. Hous. Appeals Bd.*, 1997 WL 537651. *3 (9th Dist. Aug. 13. 1997), citing *Farinacci v. Twinsburg*, 14 Ohio App.3d 20, 21 (9th Dist. 1984). "[I]f the notice of appeal is filed with the administrative body after the 30-day period, then the notice of appeal is untimely and the trial court lacks jurisdiction to consider the appeal." *Lavery v. Akron Dept. of Neighborhood Assistance*, 2020-Ohio-3439, ¶ 11 (9th Dist.), quoting *Pyramid Ents. L.L.C. v. City of Akron Dept. of Neighborhood Assistance*, 2018-Ohio-2178, ¶ 8 (9th Dist.).

{¶18} To the extent that Property Junkie makes an argument pertaining to service of the Board's decision, we note that the Supreme Court in *State ex rel. Youngstown Civ. Serv. Comm. v. Sweeney*, 2023-Ohio-3006, ¶ 16-17, considered whether a trial court retained jurisdiction under R.C. 2505.07 to entertain an untimely administrative appeal from a decision of the Youngstown Civil Service Commission under circumstances where the commission failed to comply with a commission rule requiring the commission to serve notice of its decisions. The Supreme Court concluded that the commission's failure to serve its decision did not impact the timeliness

requirement contained in R.C. 2505.07, and thus was irrelevant to the issue of the trial court's jurisdiction. *Id*. at 18-19.

{¶19} It follows that Property Junkie's first assignment of error is without merit. Contrary to Property Junkie's assertion, the jurisdictional question here does not turn on whether Property Junkie sought leave to file a delayed administrative appeal. A party must comply with all statutory requirements in order to perfect an administrative appeal. *See Ross*, 2018-Ohio-4746, ¶ 9-11. This Court has consistently held that a trial court lacks jurisdiction to consider an administrative appeal when a party fails to file a notice of appeal with the administrative body within 30 days of the administrative body sending written notice of its decision. *See Lavery* at ¶ 11; *Helms v. Dept. of Neighborhood Assistance*, 2021-Ohio-2667, ¶ 7-10 (9th Dist.). Here, the Board sent Property Junkie notice of its decision on June 21, 2023 via regular mail and certified mail. Property Junkie moved for leave to appeal more than a year later, well outside the 30-day window set forth in R.C. 2505.07. Accordingly, the trial court did not err in concluding that it lacked jurisdiction to consider the administrative appeal.

{¶20} Property Junkie's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO AMEND [THE] NOTICE OF APPEAL.

{¶21} In its second assignment of error, Property Junkie argues that the trial court erred in denying its motion to amend its notice of appeal.

{¶22} After the parties had submitted briefs in the trial court on the jurisdictional issue, Property Junkie moved for leave to amend its notice of appeal, arguing that it was necessary to clarify the proper order from which it was appealing. Property Junkie simultaneously filed an amended notice of appeal instanter. Although Property Junkie made reference in its motion to the

June 20, 2023 demolition order and the June 21, 2023 notice of that order, Property Junkie argued that "[Ms.] Forney did not receive the demolition order until she constructively did so through her attorney when the City's record was electronically served on August 28, 2024." The State opposed the motion for leave and moved to strike the amended notice of appeal.

{¶23} The trial court ultimately found the issue of amending the notice of appeal to be moot in light of its determination that it lacked jurisdiction over the case. A review of the record makes clear that the trial court was aware of all of the pertinent orders in rendering its jurisdictional determination. As this Court has determined that the trial court did not err in concluding that it lacked jurisdiction, we decline to address Property Junkie's second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶24} Property Junkie's first assignment of error is overruled. This Court declines to address Property Junkie's second assignment of error as it has been rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT


STEVENSON, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE S. CORGAN and JOHN R. YORK, Assistant Directors of Law, for Appellees.